STEWART, J.
 

 11Defendant, Jonathan Lee Black, was charged with one count of attempted armed robbery and found guilty as charged. The trial court sentenced the defendant to serve 23 years’ imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. He now appeals, urging two assignments of error. For the reasons stated herein, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 The following facts were adduced at the defendant’s trial. At approximately 5:30 a.m. on January 10, 2005, LaShanna Owens, a manager at the McDonald’s restaurant located at 6205 Youree Drive in Shreveport, was inside the store preparing to open for the day. She noticed two young black males walking back and forth in the parking lot, often stopping to look into the window of the restaurant. Ms. Owens recognized the defendant as one of these men because the defendant’s brother was an employee at the restaurant. After becoming suspicious of their odd behavior, she called the police.
 

 Officer Steven Masson and Officer Brandon Chandler of the Shreveport Police Department (“SPD”) arrived shortly thereafter. Officer Masson stated that he pulled his patrol car into the north parking lot and saw the defendant and another man standing near the drive-through window. Officer Masson testified that when the men saw him, they “fled behind the building toward the car wash and then across the street into Colonial Plaza apartments.” Officer Brandon Chandler drove into the south parking lot just as the men ran by.
 

 | gBoth officers chased the men on foot into the apartment complex. They witnessed them attempting to get into the back seat of a car that was backing up in the complex parking lot. The officers ordered all of the people out of the car. Three of the four people in the car complied, but a fourth person, later identified as the defendant, fled on foot and escaped. Police arrested the other male who was with the defendant outside the McDonald’s. He was identified as 16-year-old Kevin Fisher. The driver and other occupant, later identified as Damien Smith and Delicia Glass, were released pending further investigation.
 

 Later that morning, other SPD officers found a .38 caliber handgun while searching the McDonald’s parking lot. In the meantime, the SPD detective handling the case, Detective Rod Demery, had developed the defendant as a suspect. Detective Demery went to the defendant’s home, but the defendant was not there. Later that day, the 17-year-old defendant appeared at the police station and agreed to speak with the detective. That statement was recorded on audio tape.
 

 The audio tape was not played for the jury because the defendant mentioned several other crimes during the interview. By joint stipulation, the parties agreed that Detective Demery did indeed tape the defendant’s statement, and that his testimony would be based upon that interview. The detective said that the defendant initially denied any knowledge of the attempted armed robbery. Later in the in
 
 *1017
 
 terview, the defendant admitted that he was the fourth person at the scene that morning and that the others had planned a robbery. He told Detective Demery that he informed the |sothers that he didn’t want anything to do with the robbery because his brother worked at the McDonald’s. Black identified Fisher as the man with the gun and minimized his own role in the planning and execution of the robbery. He said that his role was to be a lookout. Black also described the firearm to the detective and said that Fisher had thrown it down as they ran away. The detective testified that Black “didn’t say specifically that Fisher had a gun and was going to go rob McDonald’s. He did say Fisher was armed and what the plan was.”
 

 The defendant elected to testify. He said that Fisher had been at a teenage club until after 2:00 a.m. on that morning, and that Fisher and the others had picked him up after leaving the club. He then testified that the group had gone to a nearby apartment complex, Colonial Plaza, at about 3:30 a.m. The defendant explained that the group waited at the apartment complex until about 5:30 a.m. for one of the defendant’s friends, a McDonald’s employee named Crystal Raspberry, to arrive at the restaurant. The defendant testified that Ms. Raspberry routinely gave him free McDonald’s food and that obtaining the free food was his purpose for waiting two hours in the apartment complex parking lot for the restaurant to open.
 

 The defendant said that he and Fisher had been standing in the open in the restaurant parking lot when police arrived. Black stated that he and Fisher initially approached the officer, but fled when the officer got out of the patrol car, drew his weapon and said “Get down.” Black said that there had never been any plan to rob the McDonald’s, that he had never told |4Detective Demery that there had been such a plan, and that Detective Demery was lying to the jury when he said that Black told him that the men had discussed robbing the McDonald’s.
 

 In rebuttal, the state recalled Detective Demery and played a portion of the tape of his interview with the defendant. According to the recording, the defendant told the detective that Fisher asked him, “When you going to let me hit that lick at McDonald’s?” and that the defendant told the detective that he told Fisher that he wanted no part of the robbery. The defendant further explained that he actually knew nothing of the inside of the store and could not provide information on that subject. He also stated that he was afraid that he would be recognized by the other employees.
 

 The defendant said that Fisher came by his house the day before the robbery, and that they went to the defendant’s girlfriend’s house. Fisher reportedly said to the defendant, “We’re going to hit that lick in the morning at 5:00 when somebody gets there.” According to the Detective Demery, the defendant also said that Fisher told the others “where they’re all going to be and what they’re going to do” as a part of the robbery.
 

 The defendant further told Detective Demery that he was in the car with the other two people and that Fisher was the one who kept going back and forth to the restaurant waiting for someone to arrive so he could complete the robbery. The defendant stated, “All he wanted me to do was be standing out there ... I guess so he could feel safe or something, he wanted me to be standing out there while he went in.” The detective testified that Black told him that he knew that Fisher had a gun. The | r,defendant failed to mention anything to Detective Demery about waiting for a friend who would give him free food and said nothing to suggest that he did not
 
 *1018
 
 know that Fisher had a gun prior to the robbery.
 

 The defendant was found guilty as charged of attempted armed robbery. Both the defendant and his counsel filed a motion for post-verdict judgment of acquittal, which the court denied. The court held a sentencing hearing on June 11, 2008. The court denied the defendant’s motion for new trial, and the defendant waived the delay for sentencing. The court then sentenced Black to serve 23 years’ imprisonment at hard labor without benefits.
 

 Through counsel, Black verbally objected to the sentence without stating a ground for the objection. He subsequently filed a motion to reconsider sentence, urging that the court should have considered that Black actually harmed no one in the commission of the offense, that he was allegedly under the influence of older co-defendants and that the court erred in finding the defendant to be the leader. The court denied the motion and the defendant now appeals.
 

 LAW AND DISCUSSION
 

 Sufficiency of the Evidence
 

 The defendant asserts two assignments of error in this appeal. In his pro se brief, his sole assignment of error asserts that the evidence was insufficient to convict him of attempted armed robbery.
 

 When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first | (¡determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under
 
 Hudson v. Louisiana,
 
 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt.
 
 State v. Hearold,
 
 603 So.2d 731 (La.1992);
 
 State v. Bosley,
 
 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347,
 
 writ denied,
 
 97-1203 (La.10/17/97), 701 So.2d 1333.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the
 
 crime proven
 
 beyond a reasonable doubt.
 
 Jackson v. Virginia, supra; State v. Murray,
 
 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488,
 
 writ denied,
 
 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Robertson,
 
 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Hill,
 
 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209 (La.12/14/07), 970 So.2d 529;
 
 State v. Gilliam,
 
 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508,
 
 writ denied,
 
 2002-3090 (La.11/14/03), 858 So.2d 422.
 

 When the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis
 
 *1019
 
 of innocence presented by the defendant’s own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt.
 
 State v. Captville,
 
 448 So.2d 676, 680 (La.1984). When a jury reasonably and rationally rejects the exculpatory hypothesis of innocence offered by a defendant’s own testimony, an appellate court’s task in reviewing the sufficiency of the evidence under the Due Process Clause is at an end unless an alternative hypothesis “is sufficiently reasonable that a rational juror could not ‘have found proof of guilt beyond a reasonable doubt.’ ”
 
 State v. Calloway,
 
 2007-2306 (La.1/21/09), 1 So.3d 417, citing
 
 Captville
 
 and
 
 Jackson v. Virginia, supra.
 

 The defendant testified that he knew nothing of the robbery beforehand, that he was only at the McDonald’s to obtain free food, and that the detective was lying when he said that Black told him that the men had discussed the robbery earlier that morning. However, Black’s own statement to the detective fully disproves his trial testimony.
 

 IsBlack admitted several times to the detective that he and Fisher had discussed the robbery prior to its occurrence, although Black initially denied any role in the events. Black later told the detective that his only role in the crime was as a lookout, that he was by the getaway car the entire time and that Fisher could not see him. This assertion was disproved by the testimony of both the McDonald’s manager and the responding police officers who placed Black in the store’s parking lot with Fisher. Black never told the detective that he was only at the restaurant to obtain free food, and his testimony that he did not flee immediately upon seeing the police is contradicted by the police witnesses.
 

 Additionally, the defendant’s assertion that the state did not prove that he knew Fisher was armed so the evidence only supports a verdict of simple robbery is meritless. Not only did the defendant mention the gun several times during the interview with the detective, he also told the detective that Fisher was the person armed with the gun and that Fisher had put the gun down by the trash bin during the foot chase. These statements clearly demonstrate that Black was fully aware that Fisher was armed. Therefore, this assignment of error bears no merit.
 

 Excessive Sentence
 

 In the second assignment of error, the defendant contends that the 23-year sentence without benefit of probation, parole or suspension of sentence for attempted armed robbery, is excessive and not supported by the record.
 

 |flA trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive.
 
 State v. Williams,
 
 03-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. McCall,
 
 37-442 (La.App. 2d Cir.8/20/03), 852 So.2d 1162,
 
 writ denied,
 
 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 In reviewing claims of an excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v.
 
 
 *1020
 

 Dunn,
 
 80,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.
 

 The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Jones,
 
 33, 111 (La.App. 2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 00-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Bradford,
 
 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
 

 La. R.S. 14:27(A) provides a definition of “attempt”:
 

 A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
 

 Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. Whoever commits that crime of armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. |n14:64. Additionally, La. R.S. 14:27(D)(3), which is applicable to the offense of attempted armed robbery, states:
 

 D. Whoever attempts to commit any crime shall be punished as follows:
 

 (3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fíne or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
 

 The record shows that the trial court specifically considered aggravating and mitigating circumstances, thereby complying with La.C.Cr.P. art. 894.1, and tailored the sentence to the instant offense and this offender. The trial court stated that the sentence range for attempted armed robbery was from 5 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence to 49}6 years imprisonment at hard labor
 
 *1021
 
 without benefit of parole, probation or suspension of sentence. The court noted that the statute required the sentence not be suspended or probated, found that a lesser sentence would depreeate the seriousness of the offense and found that the defendant was in need of correctional treatment that only commitment to a correctional institution could provide.
 

 As aggravating circumstances, the court found that the robbery was to be committed with a dangerous weapon and that the defendant acted in concert with other people to commit the offense. The court also stated its belief that the defendant was the leader of this group. The court further noted for the record its awareness that the defendant had been arrested for five other armed robberies, two other attempted armed robberies, and that he 112was a suspect in still other armed robberies for which he had not been arrested.
 

 In mitigation, the court cited the defendant’s age, lack of other criminal history, and his status only as a principal and “not as the actual person to go into the location or attempt to go into the location.” Further, the court also noted that Black’s co-defendants had received “tremendous favorable consideration by the State in their prosecution.”
 

 The record does not show that the defendant’s sentence is constitutionally excessive. Although the defendant was a youthful offender, he was an active participant in an effort to commit an armed robbery at a fast food restaurant as it opened. This is a highly dangerous and volatile type of offense where injury or death to one or more victims is an all-too-common occurrence. Although the defendant was apparently a first offender, the defendant was a suspect in numerous other armed robberies that had yet to be adjudicated. This midrange sentence does not shock the sense of justice.
 

 This assignment of error is without merit.
 

 CONCLUSION
 

 For the aforementioned reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.