STEWART, J.
The defendant, Adrian Demarcus Nelson, pled guilty to one count of distribution of a Schedule II controlled dangerous substance, namely cocaine, in violation of La. R.S. 40:967(A)(1). He was sentenced to serve 15 years at hard labor, to run concurrently with any other sentence. For the reasons assigned below, we affirm the defendant’s conviction and sentence. Further, we order the trial court minutes amended to reflect the defendant’s sentence of 15 years to be served at hard labor without benefit of probation, parole or suspension of sentence for the first two years.
FACTS
On December 28, 2010, the Bossier Parish Sheriffs Office conducted an investigation. It used audio/video equipment to record the defendant selling $20 worth of a substance, later determined by the crime *415 lab to be cocaine, to an individual working with them.
On August 19, 2011, the defendant was charged by bill of information with distribution of a Schedule II controlled dangerous substance, cocaine, in violation of La. R.S. 40:967(A)(1). On September 6, 2011, the defendant entered his initial plea of not guilty. However, on December 6, 2011, he pled guilty to one count of distribution of a Schedule II controlled dangerous substance, via plea agreement. In exchange, the state agreed not to multi-bill the defendant, and to dismiss other unrelated charges that were pending. A presentenc-ing investigation (hereafter referred to as “PSI”) was ordered.
On April 23, 2012, the sentencing hearing took place. The trial court stated that it had examined the PSI, and that it had taken its contents into consideration pursuant to the guideline set forth in La. C. Cr. P. art. 894.1. It recognized that this is the defendant’s fourth felony conviction. It also acknowledged that the defendant was a 27-year-old father of four and stepfather of two, and that he has a ninth-grade education. After considering the defendant’s aggravating and mitigating factors, the trial court sentenced the defendant to serve 15 years at hard labor, to run concurrently with any other sentence he was currently serving or required to serve.
On April 26, 2012, the defendant’s counsel filed a motion to reconsider sentence, alleging that the defendant’s sentence was unconstitutional. The motion was denied on May 3, 2012. On May 8, 2012, a motion and order for appeal were signed.
The defendant subsequently filed a pro se motion to reconsider sentence on May 22, 2012. This motion was deemed “out of time,” and denied on May 30, 2012.
The defendant now appeals.
LAW AND DISCUSSION
In his sole assignment of error, the defendant argues that the trial court erred in imposing an unconstitutionally excessive sentence. More specifically, the defendant argues that his 15-year sentence is excessive in violation of La. Const. Art. 1, § 20, which prohibits the subjection of any person to cruel, excessive, or unusual punishment.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37,442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. *416 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20, when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
La. R.S. 40:967 states in pertinent part:
A. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance controlled substance analogue classified in Schedule II;
B. Except as provided in Subsection F, any person who violates Subsection A with respect to:
(4)(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 ... shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
After reviewing the record, we do not find the defendant’s sentence is constitutionally excessive. The record reveals that the trial court considered the aggravating and mitigating circumstances, thereby complying with La. C. Cr. P. art. 894.1, and tailored the sentence to the instant offense and this offender. The PSI ordered and reviewed by the trial court indicates that the background of the defendant and the circumstances of the case support the 15-year sentence. The trial court noted several facts contained in the PSI including the defendant’s personal history, education, family and work history, as well as his criminal history. As discussed in the facts section, the court noted that the defendant was a 27-year-old father of four and stepfather of two, and that he has a ninth-grade education.
The trial court acknowledged that the defendant is a fourth felony offender, and that any lesser sentence he might give would deprecate the seriousness of the instant offense. The defendant was previously convicted of several counts of drug possession and distribution, and one count of middle grade felony theft.
*417 The defendant’s 15-year sentence fell within the midrange of the 2 to 30-year statutory period of incarceration. Via plea agreement, the defendant received less than the maximum sentence for this offense, and a significant reduction in potential exposure to confinement because the state agreed not to file a multiple offender bill.
The imposition of the 15-year sentence is not grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. This sentence, which was imposed pursuant to the trial court’s wide discretion, was tailored to fit this defendant. For these reasons, we find no manifest abuse of discretion. This assignment is without merit.
ERROR PATENT
A review of the record reveals one error patent. The defendant was charged with and convicted of distribution of a Schedule II controlled dangerous substance, cocaine, in violation of La. R.S. 40:967(A)(1). He was sentenced to serve 15 years at hard labor. As stated in the law and discussion portion of this opinion, La. R.S. 40:96T(B)(4)(b) sets the penalty for this offense, and provides for a term of imprisonment at hard labor for not less than two nor more than 30 years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence. The statute also provides, in addition to the term of imprisonment, that the defendant could be fined not more than fifty thousand dollars.
The trial court did not stipulate that the first two years of the defendant’s sentence be without benefit of parole, probation or suspension of sentence. Therefore, the sentence is illegally lenient.
Paragraph A of La. R.S. 15:301.1 addresses those instances where sentences contain statutory provisions on parole, probation or suspension of sentence. This paragraph provides in pertinent part:
The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
This statute deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Further, La. R.S. 15:301.1(A) self-activates the correction, eliminating the need to remand for a ministerial correction of the illegally lenient sentence resulting from the failure of the sentencing court to impose the restrictions. State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790.
Even though there is no need to remand for correction of the sentencing error, we order that the trial minutes be amended to reflect a sentence of 15 years at hard labor without benefit of probation, parole or suspension of sentence for the first two years.
CONCLUSION
For the above-mentioned reasons, the defendant’s conviction and sentence are affirmed. Further, we order the trial court minutes amended to reflect the defendant’s sentence of 15 years to be served at hard labor without benefit of probation, parole or suspension of sentence for the first two years.
AFFIRMED; WITH INSTRUCTIONS FOR CORRECTION OF MINUTES.