STEWART, J.
LThis juvenile defendant, Dalton Fletcher, was convicted of two counts of second degree murder and sentenced to life imprisonment, without the benefit of parole, probation, or suspension of sentence on each count. The defendant’s motion to reconsider sentence was denied. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s conviction, vacate the sentence, and remand to the trial court for resentencing.
FACTS
On September 10, 2010, Fletcher shot and killed his parents, Johnny and Tammy Fletcher, with a 12-gauge shotgun in their West Monroe home. He was 15 years old at the time the offense was committed. After his older sister witnessed him fatally shoot their mother, he threatened her with the shotgun he was holding, further instructing her to stay in her room and not to notify the police. The defendant took his sister’s cell phone to ensure she would not notify the police. The defendant then went to sleep and his sister remained in her room the rest of the night. The following morning, the defendant drove their mother’s vehicle to school, with the shotgun and additional ammunition in the trunk, and attended his usual classes. After the defendant left the house, his sister drove to a friend’s house and notified the police. The defendant was apprehended at school during his first class period. His mother’s vehicle was found in the school parking lot, and the shotgun he used to kill his parents was found in the trunk of the car.
Subsequent to the defendant’s arrest, he confessed to killing his parents. He stated that he had planned to commit these acts for about 1 ½ | ^months. He also expressed his intent to commit suicide when he returned home from school that evening.
The defendant was charged with two counts of second degree murder. His trial was moved from the Fourth Judicial District Court, Parish of Ouachita, to the 26th Judicial District Court, Parish of Bossier. The jury trial began on November 28, 2011, and ended on December 5, 2011, when the defendant was found guilty as charged of two counts of second degree murder.
The sentencing hearing took place on February 3, 2012. Even though the trial judge acknowledged that La. R.S. 14:30.1 provided for a mandatory sentence, he ordered a presentence investigation (“PSI”) and considered the relevant provisions of *1033 La. C. Cr. P. Art. 894.1. The trial judge subsequently reviewed the facts of the case as well as other information contained in the PSI, including the defendant’s social history. The trial judge also discussed the impact the murder of the defendant’s parents had on the community. After acknowledging that the sentence is mandated, the trial court sentenced the defendant to two concurrent life sentences, to be served at hard labor, without benefit of probation, parole, or suspension of sentence.
On March 2, 2012, the defendant filed a motion to reconsider sentence. This motion was denied on March 6, 2012. The instant appeal ensued, where the defendant is asserting three assignments of error.
LAW AND DISCUSSION
In the first assignment of error, the defendant alleges that the trial court erred in denying his motion to declare La. R.S. 14:80.1 | .^unconstitutional. In his second assignment, he asserts that the trial court erred in imposing the mandated sentences of life imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence, as those mandated sentences are a violation of the Eighth Amendment’s ban against cruel and unusual punishment, and are constitutionally excessive. Finally, in his third assignment, the defendant alleges that the trial court failed to properly consider his age and other age-related characteristics in determining the appropriate sentences in this case. Since the defendant is alleging the excessiveness of his sentence in all three assignments, we will discuss them together.
The defendant believes that Louisiana’s mandatory sentencing provision for second degree murder does not permit the sentencing court to consider the defendant’s youth, or age-specific characteristics when determining an appropriate sentence.
La. R.S. 14:30.1(B) sets forth the punishment for second degree murder:
B. Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37,442 (La.App. 2 Cir. 8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the Rappellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of an excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir. 11/3/10), 55 So.3d 56.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal *1034 history (his age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders. Absent a 1 ¿showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir. 11/3/10), 55 So.3d 90.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473; State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665.
In Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the United States Supreme Court made a historic decision, holding that the Eighth Amendment forbids the sentence of life without the possibility of parole for juvenile offenders who did not commit homicide. This court further explained:
Because age “18 is the point where society draws the line for many purposes between childhood and adulthood,” it is the age below which a defendant may not be sentenced to life without parole for a nonhomicide crime. Roper v. Simmons, 543 U.S. 551, 574, 125 S.Ct. 1183, 161 L.Ed.2d 1 [ (2005) ]. A State is not required to guarantee eventual freedom to such an offender, but must impose a sentence that provides some meaningful opportunity for release based on demonstrated maturity and rehabilitation.
Following the Graham decision, the United States Supreme Court subsequently decided Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The Miller court ruled that the Eighth Amendment prohibits mandatory life sentences for offenders under the age of 18 who committed homicides. It explained that, “[s]uch mandatory penalties, by their nature, preclude the sentencer from taking account of an offender’s age and wealth of characteristics and circumstances attendant to it.” It noted:
1 ¿Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features — among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him — and from which he cannot usually extricate himself — no matter how brutal or dysfunctional. It neglects that circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth — for example, his inability to assist his own attorneys. And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.
However, the Miller court noted “our decision does not categorically bar a penalty for a class of offenders or type of crime.” Therefore, it did not preclude a sentencing court from sentencing a juvenile offender to life imprisonment without parole. Rather, it “required that it take into account how children are different, and how those differences counsel against irrevoca *1035 bly sentencing them to a lifetime in prison.” Id. at 2469.
La. R.S. 15:574.4(D) provides the parole eligibility for any person, under 18 at the time of the commission of the crime, who was sentenced to life imprisonment. This portion of the statute states:
D. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 11:30) or second degree murder (R.S. 11:30.1), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:
(a) The offender has served thirty years of the sentence imposed.
|7(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(h) If the offender was convicted of aggravated rape, he shall be designated a sex offender and upon release shall comply with all sex offender registration and notification provisions as required by law.
(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the committee shall meet in a three-member panel and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender. |s(3) The panel shall render specific findings of fact in support of its decision, (emphasis added.)
La. R.S. 15:574.4(D) does not apply to juveniles serving a life sentence for a conviction of first degree or second degree murder. See La. R.S. 15:574.4(D)(1). The State of Louisiana does not currently have a statute that would afford a juvenile offender convicted of first or second degree murder consideration for parole. In State v. Williams, 12-355 (La.App. 5 Cir. 12/11/12), 106 So.3d 1090, the court called this issue an “issue of first impression.”
The defendant was born on January 6, 1995. He murdered his parents on September the 10, 2010, and was approximately 15 years and eight months on that date. As stated above in the facts portion of this opinion, the defendant was convicted of *1036 two counts of second degree murder on December 5, 2011, and sentenced on February 3, 2012. Therefore, he was convicted of two counts of second degree murder and sentenced, before Miller became law, to two concurrent life sentences, to be served at hard labor, without benefit of probation, parole, or suspension of sentence, pursuant to La. R.S. 14:30.1. During the sentencing hearing, the trial judge acknowledged that La. R.S. 14:30.1 provided for a mandatory sentence. Nevertheless, he ordered a PSI and considered the relevant provisions of La. C. Cr. P. art 894.1. He stated:
Following your conviction, the court ordered a presentence investigation report be prepared and submitted to the Court for review. I have reviewed that and the counsel for the state and the defense have also been afforded an opportunity to review the same. I’ve also carefully reviewed all the correspondence that has been submitted to the Court, either on your own behalf, Mr. Fletcher, or on behalf of family members, or even on |flbehalf of citizens of the community that have submitted correspondence as well. And certainly I’ve paid particular attention to the presentence investigation report. Now even though the sentencing is mandatory in this case, this Court still has charged itself with the relevant provisions of Article 894.1 of the Louisiana Code of Criminal Procedure prior to imposing sentence and I’ve reviewed again carefully the contents and revelations of everything that has been given to me, and I certainly I’m intimately familiar with the case as I’ve presided over it with the facts, the allegations, and what the jury has found.
Prior to sentencing the defendant, the trial judge reviewed the facts of the case, as well as other information contained in the PSI, including the defendant’s social history. The trial judge also commented on the impact these two murders had on the community. Again, the trial judge stated that the sentence was mandated, and sentenced the defendant to two concurrent terms of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
After a careful review of the sentencing transcript, we note that the trial judge considered some of the factors enumerated in Miller, but the review was not in depth. Focusing instead on a review of the factors enumerated in La. C. Cr. P. art. 894.1, the trial judge acknowledged the defendant’s age, as well as his family environment.
The record describes in great detail the circumstances of the offense committed. The defendant shot both parents in the middle of the night when they were asleep and unarmed. In fact, the defendant shot his father in his arm to rQuse him from his sleep and investigate where the shot initially came from. When he approached his son to ask him why he was doing this, the defendant shot him in the face. He then returned to the bedroom, where Imhis mother fearfully begged for her life. The defendant then shot her in the head, execution style, in the presence of his sister. The defendant did not appear to experience any distress afterwards, since he was able to continue his daily routine of attending school.
It is questionable if rehabilitation would be possible in this case. However, considering the fact that the trial court imposed the mandatory sentence pursuant to La. R.S. 14:30.1, we find that we must vacate the defendant’s sentence and remand this case so that the trial court may conduct a more specific and thorough review of the factors discussed in Miller, supra, in addition to the factors considered in La. C. Cr. P. art. 894.1. These factors must be con *1037 sidered when sentencing the defendant to life imprisonment.
Relying on jurisprudence, we find that the defendant’s mandatory sentence of two concurrent terms of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, violates Graham, supra, and Miller, supra. We vacate the defendant’s sentence and remand the matter to the trial court for resentencing, after it conducts a more thorough review of the appropriate factors enunciated in Miller. After this review, the trial court will state the reasons for sentencing on the record.
CONCLUSION
For the aforementioned reasons, we affirm the defendant’s conviction, vacate the sentence, and remand the case to the trial court.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING WITH INSTRUCTIONS.