398 So.2d 1049 (1981)
STATE of Louisiana
v.
Ray JONES.
No. 80-KA-2379.
Supreme Court of Louisiana.
May 18, 1981.
*1050 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Herman L. Lawson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert L. Salim, of Kelly & Salim, Natchitoches, for defendant-appellant.
*1051 DIXON, Chief Justice.[*]
For the second time, defendant appeals from the severity of the sentence after a plea of guilty.
He was originally charged with distribution of marijuana, a violation of R.S. 40:966(A). After a plea bargain was negotiated, the state reduced the charge to attempted distribution of marijuana (R.S. 40:966(A); R.S. 14:27) and the defendant pleaded guilty. He was sentenced to five years imprisonment at hard labor and fined $7000.
In his appeal, defendant alleged that his guilty plea was involuntary because it was induced in part by the state's promise that he would receive no jail sentence, and he claimed that the sentence was excessive. We found that we had no criteria by which to assess the appropriateness of the sentence because the trial judge failed to state for the record the factual bases for the sentence imposed, noting only that there was an undue risk that the defendant would commit another crime if given probation or a suspended sentence, and that a lesser sentence would depreciate the seriousness of the crime. Holding that this was inadequate compliance with C.Cr.P. 894.1, we vacated the sentence and remanded for resentencing. State v. Jones, 386 So.2d 85 (La.1980).
Pursuant to our instructions, a re-sentencing hearing was held, and defendant was provided with a copy of the presentence report relied upon by the judge so that he could refute any erroneous information contained therein.
After hearing testimony, the trial judge imposed the same sentence on the defendant. He acknowledged that the defendant appeared to be working regularly and contributing to his family's support, but he thought that his prior employment history was spotty. He remained convinced that the defendant was likely to commit another crime if placed on probation. He emphasized the dangers of drug use and concluded that the seriousness of the crime required a severe sentence, even if it caused hardship to the defendant's family.
Defendant again contends that the sentence is excessive. He notes the absence of prior criminal convictions and the small amount of marijuana involved.[1] The sentence given the defendant is virtually the maximum sentence for attempted distribution of marijuanafive years imprisonment and a $7500 fine. The state could have charged the defendant with two counts of distribution of marijuana, and exposed him to a potential punishment of twenty years imprisonment,[2] but he was in fact charged with only one count of attempted distribution. Considering that defendant had no previous record of dealing in contraband, and that the amount of marijuana involved was small, this is not an egregious case which calls for the imposition of the maximum penalty allowed by law.
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Spencer, 374 So.2d 1195 (La.1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or to grant him probation, the judge must consider certain factors enumerated in C.Cr.P. 894.1(A) and (B). His consideration should be based upon factual determinations. For example, he should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, his potential for rehabilitation through correctional services other *1052 than confinement. State v. Jackson, 360 So.2d 842 (La.1978); State v. Frank, 344 So.2d 1039 (La.1977). He must then state for the record the considerations taken into account and the factual basis therefor. C.Cr.P. 894.1(C). In this case, the trial judge considered the factors mentioned in C.Cr.P. 894.1, but it is difficult to discern the factual basis for his conclusion that the defendant was an unlikely prospect for probation. The defendant's conduct in the past year would indicate that he can be rehabilitated by other means than imprisonment.
In both appeals to this court, defendant has alleged that his guilty plea was induced in part by the state's promise that he would receive no jail sentence. He argues that the trial court should honor this agreement, or should allow him to withdraw his guilty plea and have a trial on the merits.
The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes called "plea bargaining," has been characterized as "an essential component of the administration of justice." Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971). Courts have encouraged the practice while cautioning that it must be properly administered. The guilty plea must be knowingly and voluntarily made, since it waives important constitutional rights. If the guilty plea rests in any significant degree on a promise or agreement of the prosecutor, the essence of the promise must be made known and the promise must be fulfilled. Santobello v. New York, supra. Where a defendant shows that a prosecutor has reneged on a sentencing agreement made in connection with a plea bargain, federal courts have held that he is entitled to relief, either enforcement of the agreement, or withdrawal of the plea.
This court has also held that due process is denied when the state fails to comply with the material representation or promise which induced the defendant's guilty plea. State v. Neitte, 363 So.2d 425 (La.1978). In Neitte we remanded with instructions to vacate the guilty plea because the record indicated that the district attorney broke his promise to recommend probation in exchange for the defendant's guilty plea and promise to testify at the trial of another defendant. In that case, the record contained a letter from the defendant's attorney to the defendant apprising him of the terms of a proposed plea bargain. Both the defendant and his attorney testified that the district attorney promised to recommend probation.
In this case, the record is unclear as to the exact terms of the agreement. At the arraignment, assistant district attorney Joseph Toups stated that "as part of a plea bargain," the state would reduce the charges from distribution of marijuana to attempted distribution. The trial judge stated, "You understand that I am not a party to that (plea bargain)," and, "It is up to me to decide whether or not I accept it." He then questioned the defendant to ascertain that he understood the plea bargain and the constitutional rights he was waiving by pleading guilty. Asked if he had been promised any particular sentence or anything of value in return for his plea, the defendant responded no.
At the re-sentencing hearing, after the remand of this case, defense counsel testified that prior to the defendant's plea, he had discussed the case with assistant district attorney Toups. Toups agreed to reduce the charges with the understanding that the defendant would be placed on probation and would pay a "large" fine. Defense counsel thought that Toups was willing to make the bargain because the defendant had no serious criminal record and because the state could not produce its only eyewitness (the undercover agent to whom defendant sold the marijuana) at trial. At the re-sentencing hearing, assistant district attorney Herman Lawson disclaimed any knowledge of a promise to place the defendant on probation instead of in prison. (In an affidavit submitted with the state's brief, district attorney James Davis declares that the extent of his "negotiations" amounted to the proposition "that the state would not accept a plea of possession to a *1053 charge of distribution, but would accept a plea to attempted distribution, but the defendant would be taking the risk insofar as the sentence was concerned.").
Davis and Toups were not present at the hearing. Defendant testified, but was not cross-examined. The presentence investigation is not before us; the record indicates that each factor in the report which the trial judge found adverse to defendant was adequately refuted or explained. On the record before us, defendant is reflected as a man who works in the construction industry, regularly employed, conscious of his family responsibility, supporting his common-law wife and children, and contributing to the support of his mother, two sisters and their children. No prior convictions are shown.
The only evidence of the plea bargain is defense counsel's testimony, unrefuted and unquestioned at the hearing.
On the original sentencing, defendant said he knew the judge had not agreed to any plea bargain; the defendant answered in the negative when asked if he had been promised any particular sentence. When the apparently heavy sentence was imposed, the record reflected only silence from defendant and his lawyer until a written motion was filed several days later.
We do not know whether the assistant district attorney informed the judge of the entire plea bargain before sentence. If the judge knew defendant's plea was induced by the promise of a "large fine and probation," and, in spite of that knowledge, sentenced defendant to five years at hard labor and a $7000 fine, the sentence should be set aside and the plea bargain honored. On the other hand, we do not know that the defendant did not know that the trial judge intended to impose such a sentence.
Even in the absence of a plea bargain, this record would not support the sentence imposed. The two offenses charged involved two sales of marijuana for $12.00 each to the same undercover agent in a one month period. Defendant pleaded guilty to one charge, reduced to an attempt. Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. Nothing else will justify the great sentencing discretion given the trial judge in Louisiana. This "bargain" gave the state a sure conviction in a case in which the state's main witness was out of the country. What benefit went to the defendant is difficult to find.
Because fault in the deficiency of the record lies both with the prosecution and the defense, the sentence imposed is again set aside, and a new sentence hearing is ordered. If the new evidence supports the finding that defendant's plea of guilty was induced in part by a promise by the state of probation, or no jail or prison time, the plea bargain must be enforced. If there was no such plea bargain, but defendant justifiably believed there was, and pleaded guilty in part because of that justifiable belief, the guilty plea was not knowingly made and must be set aside, and defendant must be allowed to plead anew. If the new sentence hearing does not support either of these conclusions, the previous sentences were in any event excessive, and the defendant must be re-sentenced.
The case is therefore remanded for further proceedings consistent with this opinion.
MARCUS, J., specially concurs.
NOTES
[*] Judges O. E. Price and Fred W. Jones, Jr. of the Second Circuit and Judge G. William Swift, Jr. of the Third Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Dennis and Watson.
[1] The defendant sold a "lid" of marijuana to an undercover agent for $12.00 on November 1, 1978 and again on December 1, 1978.
[2] The maximum punishment for distribution of marijuana is ten years imprisonment at hard labor and a $15,000 fine.