KLIEBERT, Judge.
Defendant, Jack K. Baker, was charged by bill of information with second degree *1227 battery upon Joycelyn Baker in violation of LSA-R.S. Article 14:34.1. On March 2, 1983, the defendant was arraigned and pled not guilty. On July 19, 1983, the defendant, represented by counsel, withdrew his former plea and entered a plea of guilty to LSA-R.S. Article 14:35 — simple battery.
After a pre-sentence investigation report was prepared, received and a sentencing hearing held, the trial court sentenced the defendant to the maximum penalty allowed for the crime charged, i.e., to serve six (6) months in the parish prison and to pay a fine of $500.00 and costs. It is from this sentence that defendant sought a review by writ application to this court.
Defendant challenges the sentence imposed by raising two assignments of error: (1) The trial court erred in failing to consider the deposition of the wife-victim and evidence of promiscuous marital infidelity and provocation by the wife-victim, and (2) The trial court erred in sentencing the defendant to the maximum sentence of six (6) months and a fine of $500.00 plus costs.
Although the defendant entered a guilty plea, the facts and circumstances of the crime were presented in the presentencing investigation and supported by the testimony offered by the defendant at the sentencing hearing.
According to the defendant’s testimony, on January 26, 1983, defendant and his wife were at a lounge having drinks. An argument developed over the wife’s flirtations, so they decided to return home. On the way home, his wife verbally abused him and his family and then bit him on the arm and thumb while he was driving their automobile. In the course of disengaging his hand from his wife’s mouth, he struck her in the nose, causing it to bleed.
The wife denies she provoked the blow to the nose; but, did not specifically refute the defendant’s version of the incident. Although she sought no medical treatment or attention for the injuries she claims to have sustained, she testified the blow broke her nose and left it out of alignment. No medical evidence to show the extent of the injury to her nose was presented. The trial judge observed that her nose was obviously out of alignment, but there was also some testimony indicating her nose had been previously broken and there had been an operation requiring the fracture of the nose to correct a deviated septum a short time prior to the incident involved here.
There was also evidence indicating both the wife and husband were more than social drinkers and had previously been involved in problems because of their drinking. At the sentencing hearing, the husband offered and the judge allowed the introduction of a deposition given by the wife on the day following the incident involved here. In that deposition, she related the details of her marital infidelity after the consumption of substantial alcohol. Additionally, she testified that her husband had not physically abused her prior to the incident involved here.
Since the deposition was in fact introduced in evidence and the defendant was allowed, at the sentencing hearing, to question the victim regarding the deposition, the defendant’s first assignment of error has significance only with respect to the second assignment of error, i.e., did the trial judge properly apply the guidelines of LSA-C.Cr.P. Article 894.1 in imposing the maximum sentence and was the sentence, although within the statutory limits, excessive? Hence, we consider the first assignment of error only as it relates to the second assignment of error.
Although the wife’s deposition would not be relevant in establishing the defendant’s culpability for breaking her nose, that factor was no longer at issue because the defendant had pled guilty. Nevertheless in State v. Washington, 414 So.2d 313 (La.1982) at 315, our Supreme Court held that “[t]he source of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of other relevant information. State v. Douglas, 389 So.2d 1263 (La.1980).” See also State v. Williams, 412 So.2d 1327 (La.1982). Thus, in determining whether the sentence, although within the statutory limits, was ex *1228 cessive, the deposition can and will be considered.
Trial judges are granted great discretion in imposing a sentence, but even sentences within statutory limits may be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981); State v. Robicheaux, 412 So.2d 1313 (La.1982). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge should consider those facts enumerated in LSA-C.Cr.P. Article 894.1(A) and (B). State v. Jones, supra.
Here, at the time of sentencing, the trial judge made the following observations:
“Okay, the Court is satisfied from the facts indicated in the probation office and the testimony that I’ve heard today and the observations that I’ve made of the victim in this case today that was called in her to have to undergo all of this again. The Court believes that the defendant in this case should be, and the Court does hereby sentence Mr. Baker to the Parish Prison to serve a term of six months and pay a fine of five hundred dollars and all costs of these proceedings. Take a seat over there.”
but did not consider the specific evidence submitted by the defendant.
The evidence submitted by the defendant shows the victim provoked the defendant’s actions by biting him on the arm and cursing his mother and his children by a previous marriage. Her actions induced the commission of the crime and although the provocation fails to constitute a defense, it does provide grounds tending to excuse or mitigate the defendant’s criminal conduct which should be considered in imposing the sentence.
The record also reveals that Jack Baker was previously married and is the father of two children by a previous marriage. Although the record does not show whether the defendant is currently supporting his children,[1] the imprisonment of the defendant would entail hardships to himself and to his dependents for they would be deprived of his income during the period of incarceration.
The defendant has no prior convictions and no prior arrests other than a then pending driving while intoxicated charge. He believed the charge had been dismissed and at the time of sentencing was taking positive steps to dispose of it. Although the victim testified at' the sentencing hearing that the defendant had previously beaten her, in her deposition, given the day after the incident involved here, she testified there was no prior beating, even when she was discovered in an act of marital infidelity.
The defendant also submitted a substantial number of letters from people, in different walks of life, all attesting to the defendant’s good temperment, moral habits and employment record.
The defendant has been divorced from his wife (on the grounds of adultery), and at the time of sentencing was gainfully employed and living in Dallas, Texas. Therefore, a re-occurrence of the crime is not likely. Nor is there an apparent need to protect the victim here from further abuses.
Considering the mitigating factors, it is clear the public interest is not served by incarcerating the defendant. Rather, adherence to the guidelines of LSA-C.Cr.P. Article 894.1 requires a sentence compatible to the severity of the crime in this incident.
The trial judge, however, disregarded the Department of Corrections’ recommendations made in the pre-sentence report and did not consider the mitigating factors shown by the defendant at the sentencing hearing, nor was there minimal compliance with the requirement of LSA-C.Cr.P. Article 894.1(C). This action, we believe, con *1229 stituted a manifest abuse of his discretion and a violation of the defendant’s constitutional protection against excessive punishment. Thus, the prerequisite set by .the Supreme Court, State v. Prados, 404 So.2d 925 (La.1981), for setting aside the sentence is present in this case.
Accordingly, the sentence imposed by the trial judge is set aside and the case remanded to the trial judge for sentencing with instructions that any portion of the sentence requiring incarceration be suspended and the defendant placed on probation during the time of the suspension.
SET ASIDE AND REMANDED.

. In oral argument, in response to an inquiry by' the Court, his counsel stated he was supporting his children.