GUIDRY, Judge.
Defendant, Raymond Dyson, pleaded guilty to the crime of attempted distribution of diazepam, a controlled dangerous substance, in violation of La.R.S. 40:969(A)(1) and La.R.S. 40:979(A).[1] He was sentenced to serve five years at hard labor. Defendant appealed urging only that the trial judge failed to comply with La.C.Cr.P. art. 894.1 and that the sentence imposed is excessive.
FACTS
On or about March 6, 1986, defendant, Raymond Dyson, a 32 year old male, transported approximately 30 Mandrex pills (dia-zepam, a controlled dangerous substance) from Shreveport, Louisiana, into Sabine Parish. There, he gave some 27 of the pills to Mona Jane Woodle to sell for him. She did so. Defendant was charged by bill of information with distribution of a controlled dangerous substance, Schedule IV, diazepam, a violation of La.R.S. 40:969(A)(1). Withdrawing his plea of not guilty, defendant pleaded guilty to attempted distribution of diazepam and the trial court ordered a presentence investigation. On August 19, 1987, defendant was sentenced as hereinbefore mentioned.
The presentence investigation revealed defendant had no significant prior criminal record. In 1975, defendant was arrested for attempted first degree murder in Alexandria, Louisiana, but as of the date of the presentence investigation, there had been no disposition of the charge. Defendant also paid a fine for driving with an expired driver’s license. Defendant has no juvenile record.
The legal principles applicable in appellate review of sentences, particularly regarding claims of non-compliance with Article 894.1 guidelines and excessiveness, are well established and require neither reiteration nor citation of authority.
In the instant case, the record reflects the trial judge’s meticulous compliance with the provisions of La.C.Cr.P. art. 894.1. In his sentencing colloquy, the trial judge concluded that defendant was in need of correctional treatment to deter him from future criminal activity and such treatment could only be accomplished in a custodial environment. Noting the seriousness of the crime of illegal drug distribution and the damage to society caused by such crimes, the court concluded that a lesser sentence would deprecate the seriousness of the crime committed. Additionally, the trial court noted that defendant had no prior criminal record other than an arrest for attempted first degree murder. However, the trial judge stated that he would not allow that charge to weigh against defendant as there had been no disposition of the charge. The trial judge also took cognizance that defendant had a *1104 good work record and was also paying $300.00 per month in child support. The trial judge further concluded that any mitigating factors in favor of a probated or suspended sentence were outweighed by the factors mandating imprisonment. Finally, the trial judge noted the advantage defendant received by pleading guilty to attempted distribution and stated that defendant was not entitled to any further reduction in his sentence. We conclude that the record reflects strict compliance with La.C.Cr.P. art. 894.1.
Defendant also urges that the trial judge erred in imposing an excessive sentence. We agree.
Although defendant’s sentencing exposure was reduced by a plea bargain, he was nevertheless sentenced to the maximum term at hard labor under the statute to which he pleaded guilty, i.e., five years.
With reference to the imposition of maximum sentences, the Louisiana Supreme Court, in State v. Jones, 398 So.2d 1049 (La.1981), stated, at page 1053:
"... Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender.”
At the outset, we note that defendant has no prior criminal record except for a minor driving violation. Defendant was originally charged with distributing a relatively small amount of a controlled dangerous substance, i.e., 27 diazepam pills, and was subsequently allowed to plead guilty to attempted distribution. Although the distribution of illegal drugs is a serious offense, defendant’s lack of a prior criminal record and the relatively small amount of drugs he pled guilty to attempting to distribute, do not degrade him to the status of the “worst kind of drug offender” nor is his violation of the law “the most serious violation of the described offense”. Although we do not find any abuse in the trial judge’s discretion in not allowing a suspended sentence, we do find that the maximum sentence imposed is too severe and, under the applicable law and the particular facts of this case, constitutes an abuse of discretion. Consequently, the sentence imposed is set aside and a new sentence hearing is ordered. The case is, therefore, remanded for further proceedings consistent with this opinion.
For the foregoing reasons, defendant’s conviction is affirmed, but the sentence imposed is set aside and this matter is remanded for resentencing consistent with the views expressed.
REMANDED FOR RESENTENCING.
DOMENGEAUX, J., dissents and assigns reasons.

. We observe that the trial judge, in his citation of authority for the crime of attempted distribution of diazepam, alluded to La.R.S. 40:969(A)(1) and La.R.S. 14:27; however, he was in error. The proper citation of authority for the crime of attempted distribution of dia-zepam is La.R.S. 40:969(A)(1) and La.R.S. 40:979(A). This is of no consequence as the penalties under La.R.S. 14:27(D)(3) and La.R.S. 40:979(A) are identical. However, at any resen-tencing hearing, the trial judge should refer to the latter citation of authority.