CARAWAY, J.
Rita Kay Nicholson pled guilty to indecent behavior with juveniles and received a sentence of five years at hard labor with sex offender registry requirements. Nicholson argues that her sentence is excessive. We affirm.

Facts

On March 26, 2018, 45-year-old Nicholson was jointly charged with her husband, William Dudley Nicholson, with the crimes of cruelty to juveniles, in violation of La. R.S. 14:98, and indecent behavior with juveniles, in violation of La. R.S. 14:81. The charges arose out of acts occurring over a 6-year period and involved Nicholson’s daughter.
On June 18, 2013, Nicholson pled guilty to indecent behavior with juveniles with the sentence subject to the trial judge’s discretion and the state’s agreement to forgo the remaining charge. The state alleged that Nicholson violated La. R.S. 14:81 by committing a lewd or lascivious act in the presence of a juvenile who was older than 13 years old and approximately 14 years old and again when the juvenile was at least 13 years old and no older than 14. The following facts were read into the record:
The lewd or lascivious act consisted of Rita Nicholson being present — Rita Nicholson being present with William Nicholson while they were both naked and the juvenile was naked. And William Nicholson gratified himself sexually in the presence of the naked juvenile. And Rita Nicholson — and she was a principal to that action. It was performed with the intention of arousing or gratifying the sexual desires of Rita and William Nicholson.
The court informed Nicholson of the maximum sentence she faced and ordered a presentence investigation. Nicholson was sentenced on l2November 26, 2013. At the hearing, Nicholson argued that in her victim impact statement, her daughter “overstated [Nicholson’s] role in this.” She contended that the conduct described in her guilty plea was more descriptive of what she did.
On the record, the trial court stated that it had reviewed the victim’s impact statement and Nicholson’s potential for rehabilitation. In fashioning the chosen sentence, the court noted its consideration of the stepfather’s sentences for his convictions arising out of the charged offenses. Regarding Nicholson, the court observed this crime as being her first felony offense. Her age, educational background and social and family history, including the facts of Nicholson’s own adoption and previous marriage, were also considered by the court.
The court noted that Nicholson met her co-defendant husband online in 2002. At the time of her arrest she worked in the healthcare field taking care of elderly patients. The court characterized the facts of this case as being shocking to “most decent-minded individuals,” after specifically referencing the facts of the crime including the young age of the victim. As mitigating circumstances, the court considered that Nicholson threw out recording devices found in the bathroom and bedroom and threatened her husband with physical injury in an attempt to get him to stop the criminal activity. Nevertheless, the court considered that Nicholson ultimately did nothing to stop the behavior and in fact participated in the crime against her own daughter, thereby neglecting her “first role as a parent to protect that child.” In these circumstances, the court concluded that it could not treat | o,Nicholson differently than her co-defendant and sentenced her to five years at *209 hard labor and ordered her registration as a sex offender upon release.
Nicholson orally objected to the sentence on the grounds that there was evidence of “some threat of violence” against her “that may have impacted her.” The court found no merit to the objection and this appeal by Nicholson ensued.

Discussion

In her sole assignment of error, Nicholson contends that her 5-year sentence is excessive because her behavior was not as egregious as that of her husband, who also threatened her. The maximum sentence for the crime of indecent behavior with a juvenile is seven years. La. R.S. 14:81.
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 10-2853 (La.11/18/11), 75 So.3d 454. The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), pri- or criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); Dillard, supra.
14Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
The record shows adequate La.C.Cr.P. art. 894.1 compliance by the trial court. Consideration of Nicholson’s family history, social history, criminal history, the nature of the crime is evident on the record before us.
Likewise, the imposed sentence was not grossly out of proportion to the seriousness of the offense. Nicholson was informed that she faced maximum sentencing exposure of seven years’ imprisonment. She participated in perverse actions against her own child which undoubtedly caused physical, emotional and psychological harm. Her attempts to downplay and excuse her involvement demonstrate a continued disregard for the seriousness of her actions. In these circumstances, we cannot say that the upper range sentence is unconstitutionally excessive. Accordingly, we find no merit to Nicholson’s argument. Her conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.