PER CURIAM:
Denied. Relator fails to show that he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
JOHNSON, C.J., would grant and assigns reasons.
HUGHES, J., would grant.
CRICHTON, J., recused.
JOHNSON, C.J. would grant the writ and assigns reasons.
*879 Pursuant to a plea bargain agreement, defendant gave up his constitutional right to a jury trial in exchange for a promise by the state that he would not be charged as a habitual offender. Although defendant complied with his obligations under the agreement, the state nonetheless filed a habitual offender bill. As a result, defendant was sentenced as a fourth felony offender and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. In light of the state's breach of the agreement, defendant should no longer be bound by his own obligations under the agreement, including his agreement to plead guilty.
The plea agreement in this case provided that defendant would plead guilty to charges of possession, distribution, and conspiracy to distribute cocaine and agree to cooperate and provide information regarding homicides and drug activity to law enforcement in exchange for the state's agreement not to file a habitual offender bill. Defendant detrimentally relied on the state's promise in pleading guilty, yet he received nothing of value in return given that he was sentenced to life in prison.
A plea bargain is a contract between the state and one accused of a crime.State v. Nall, 379 So.2d 731, 733 (La. 1980). A contract is formed by the consent of the parties established through offer and acceptance. The offer and acceptance may be verbal unless the law prescribes a requirement of writing. Once there is an offer and *880 acceptance, the agreement is subject to specific performance. The party demanding performance of a contract has the burden of proving its existence. Moreover, the obligation may be dependent upon an uncertain event. A lawful cause is also necessary to the existence of a contract. The cause is the reason why a party obligates himself.State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1149 (internal citations removed). This court has recently explained:
As a general matter, in determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to analogous rules of contract law, although a defendant's constitutional right to fairness may be broader than his or her rights under the law of contract. State in Interest of E.C., 13-2483, p. 4 (La. 6/13/14), 141 So.3d 785, 787 (per curiam); State v. Cardon, 06-2305, p. 1 (La. 1/12/07), 946 So.2d 171, 171-72 (per curiam); State v. Givens, 99-3518, p. 14 (La. 1/17/01), 776 So.2d 443, 455; State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1148-49; State v. Lewis, 539 So.2d 1199, 1204-05 (La. 1989); State v. Nall, 379 So.2d 731, 734 (La. 1980). See also United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993) (Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain. Yet, the analysis of the plea agreement must be conducted at a more stringent level than in a commercial contract because the rights involved are generally fundamental and constitutionally based.).
State v. Karey, 16-0377 (La. 6/29/17), 232 So.3d 1186, 1190,reh'g denied, 16-0377 (La. 9/6/17), 224 So.3d 959. The disposition of criminal charges by agreement between the prosecutor and the accused has been characterized as "an essential component of the administration of justice."State v. Jones, 398 So.2d 1049, 1052 (La. 1981) (citingSantobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed. 2d 427, 432 (1971)). The plea bargaining process presupposes fairness in agreements between an accused and a prosecutor.Karey, 232 So. 3d at 1190. The United States Supreme Court has made clear that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."Santobello 404 U.S. at 262. Thus, when a district attorney or assistant district attorney makes a good *881 faith bargain with a person accused of a crime and the defendant, in reliance on that bargain, relinquishes a fundamental right, the state cannot repudiate the bargain.Karey, 232 So. 3d at 1190. When a defendant enters into such a plea agreement with the government, the government takes on certain obligations. If those obligations are not met, the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement and in others specific performance (i.e., requiring the government to fully comply with the agreement).Id. at 1198-99.
In my view, there is no question defendant was induced to plead guilty based on the state's agreement not to charge him as a habitual offender. Moreover, even if there was no such plea bargain, if defendant justifiably believed there was, and pleaded guilty in part because of that justifiable belief, the guilty plea was not knowingly made and must be set aside, and defendant must be allowed to plead anew.See State v. Jones, 398 So.2d 1049, 1053 (La. 1981).
In this case there was no incentive for defendant to plead guilty and provide additional information to law enforcement absent his belief that the state had agreed not file a habitual offender bill. Absent that promise, it is clear defendant would have lost nothing by insisting on going to trial. By denying defendant's writ application, the majority undermines the very purpose of the plea agreement. In my mind, it is clear an agreement was reached and that defendant fully performed by pleading guilty and providing information to law enforcement. "A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental right[] to a jury trial...."Santobello, 404 U.S. at 264 (Douglas, J., concurring);Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491. Defendant, in relying on his understanding of the prosecutors' agreement, relinquished his fundamental right of trial by jury. This court has consistently permitted a constitutionally infirm guilty *882 plea to be withdrawn after sentencing by way of appeal or post conviction relief.See State v. Dixon, 449 So.2d 463, 464 (La. 1984);State v. Hayes, 423 So.2d 1111 (La.1982).
Defendant is entitled to an appropriate remedy because the state breached the agreement. Fundamental fairness dictates that defendant must be allowed to withdraw his guilty plea.