Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,744-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

KENNY MCKNIGHT                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 354648

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Mary Constance Hanes

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

NANCY F. BERGER-SCHNEIDER
ALEX L. PORUBSKY
JASON WAYNE WALTMAN
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and BLEICH (Pro Tempore), JJ.

**STONE, J.**

## FACTS AND PROCEDURAL HISTORY

Kenny McKnight was convicted of second degree rape pursuant to La. R.S. 14:42.1, and was originally sentenced to 25 years of incarceration at hard labor with the first five years to be served without sentencing benefits. McKnight unsuccessfully appealed that sentence as excessive. *State v. McKnight,* 53, 261 (La. App. 2 Cir. 1/16/20), 289 So. 3d 208. The following recitation of the facts is taken from the original appellate opinion:

> A.G. testified that Defendant is her cousin, i.e., her grandmother's sister's child. She stated that on July 19, 2017, she was 16 years old and was at home with several family members, including Defendant. Defendant came into her bedroom, locked the door, grabbed her by her arms and "slammed" her face down onto the bed. While holding her arms behind her back, Defendant pulled down her elastic-waist pants and underwear. She yelled and screamed and told Defendant to get off of her. She squeezed her buttocks to try to prevent him from penetrating her, but he inserted the top part of his penis into her anus.

*McKnight, supra.*

After the instant forcible rape conviction, McKnight was adjudicated a third-felony offender under La. R.S. 15:529.1. The predicate offenses used to obtain this adjudication were a 2013 simple burglary conviction and a 2014 conviction for illegal possession of stolen firearms. Pursuant to La. R.S. 15:529.1, the trial court vacated the original sentence and resentenced McKnight to 40 years at hard labor, with the first 5 years to be served without the benefit of probation, parole, or suspension of sentence.

In pronouncing McKnight's habitual offender sentence, the trial court adopted its reasons for the original sentence. At the original sentencing, the trial court found that there is an undue risk that McKnight would reoffend if given a suspended or probated sentence, that he is in need of correctional

treatment, and that a lesser sentence would deprecate the seriousness of his crime. As aggravating factors, the trial court found that: (1) McKnight's conduct manifested deliberate cruelty to the victim; (2) he knew or should have known that the victim was particularly vulnerable or incapable of resistance due to her youth; (3) the offense resulted in significant permanent emotional injury to the victim and her mother; and (4) McKnight's past crimes. It found that no mitigating factors applied. McKnight filed a motion to reconsider sentence, which the trial court denied.

McKnight now appeals his habitual offender sentence, arguing that the 40-year sentence for second degree rape as a third-felony offender is excessive under the circumstances. For the reasons stated herein, McKnight's sentence is affirmed.

## DISCUSSION

**McKnight's argument**

In his sole assignment of error, McKnight argues that his 40-year sentence for second degree rape as a third-felony habitual offender is excessive under the circumstances. First, McKnight argues that the offense in question was a single incident which lasted mere seconds, and that there is no indication that the victim or her mother suffered any significant, permanent physical injury or emotional trauma. Therefore, according to McKnight, using "deliberate cruelty" as an aggravating factor in sentencing was inappropriate: any act of second degree rape constitutes some degree of deliberate cruelty, yet the legislature allows for a sentence as short as five years for conduct meeting the definition of second degree rape.

Second, McKnight argues that the trial court failed to address specific factors raised in mitigation, namely, that he did not contemplate that his

criminal conduct would cause or threaten serious harm, and was the result of circumstances unlikely to recur. McKnight argues that his conduct was an impulsive act by "a young adult (twenty-four years old) who had not reached the age of maturity."

**Law**

The version of La. R.S. 15:529.1 applicable at the time of this offense provided, in pertinent part:

> A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> …
>
> (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:
>
> (a) The person shall be sentenced to imprisonment for a determinate term **not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.** (Emphasis added.)

At the time McKnight committed forcible rape, La. R.S. 14:42.1 imposed a hard labor sentence of not less than 5 nor more than 40 years. Thus, for his third-felony habitual offender adjudication, McKnight faced potential sentencing exposure of 26.6-80 years at hard labor under La. R.S. 15:529.1(A)(3)(a).

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect

3

that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Quiambao*, 36,587 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1103, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130.

Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id.*

The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Id.* On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

4

In this case, the trial court easily satisfied La. C. Cr. P. art. 894.1. Furthermore, the record would support the sentence even without the trial court's well-expressed reasoning. McKnight's conduct did manifest deliberate cruelty to the victim; indeed, he physically overpowered her and forced himself into her anus despite her screaming and clenching her buttocks. McKnight must have known that the victim was particularly vulnerable due to her youth. We reject McKnight's contention that since he was only 24 years old at the time he raped his cousin, he is somehow less culpable than an older rapist. We agree with the trial court that McKnight is likely to reoffend, and note that his criminal history also includes a conviction for misdemeanor carnal knowledge of a juvenile. We also give full credit to the trial court's observation that the victim and her mother displayed genuine, significant emotional trauma while testifying in this matter. McKnight's forcible rape of his 16-year-old cousin will be etched into her and her mother's memories for the rest of their lives. The sentencing range under La. R.S. 15:529.1 was 26.6 to 80 years. McKnight's 40-year sentence is well below the 53.3-year midpoint of the sentencing range.

This sentence is not constitutionally excessive. In light of McKnight's forcible rape and serious past crimes, this sentence does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. The trial court did not abuse its discretion in sentencing McKnight to 40 years at hard labor, with the first 5 years to be served without benefits. Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, Kenny McKnight's sentence is **AFFIRMED**.

5