Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,461-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

BRANDON QUINTON                             Appellant
DAVENPORT

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 382,584

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
BRITTANY B. ARVIE
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

Brandon Quinton Davenport, who was 39 years old at the time, engaged in a sexual relationship at work with a 14-year-old girl who was employed washing vehicles in the same service department of a Shreveport automobile dealership. When the girl's father learned of this relationship, he contacted the police. Davenport was interviewed by police, and upon questioning, admitted to engaging in a sexual relationship with the young victim. The victim also confirmed the relationship, including during her testimony at trial. Davenport was convicted by a unanimous jury of felony carnal knowledge of a juvenile, and after being adjudicated a second felony habitual offender, was sentenced to 15 years at hard labor, without benefits of probation or suspension of sentence. Davenport now appeals his conviction, claiming there was insufficient evidence to convict him and that his sentence was constitutionally excessive. For the following reasons, we affirm his conviction and sentence and remand with instructions regarding the trial court notifying Davenport of his obligation to register as a convicted sex offender.

## FACTS AND PROCEDURAL HISTORY

On April 26, 2021, John Dupree ("Dupree") contacted the Shreveport Police Department to report his suspicions that his 14-year-old daughter, E.D., was having sex with and had become pregnant by a 39-year-old man, who happened to be a coworker, named Brandon Davenport ("Davenport"). The father, daughter, and Davenport all worked together at a Shreveport automobile dealership's service center. E.D. assisted in washing and detailing cars with her father's permission. While working with each other, Davenport apparently befriended E.D.

Dupree explained to the police that he had noticed E.D. began wearing baggy clothes, and that he suspected she was pregnant. Prior to Dupree making this report to police, E.D. admitted the pregnancy to her family but did not identify who the father was at that time. Dupree subsequently learned from other family members that E.D. had advised she believed Davenport was actually the father of her child. Upon learning this, Dupree reviewed E.D.'s phone records, which revealed that she (14) and Davenport (39) had in fact been in communication with one another outside of work. Dupree promptly notified law enforcement about the situation.

In response to Dupree's report, the Shreveport Police contacted E.D. at her home and conducted an initial interview that same day. E.D. admitted to her friendship with Davenport and expressed a desire to be in a relationship with him. E.D. also stated to the police that she had sex with Davenport multiple times in the vehicles at the car wash at the dealership.

Following Dupree's report, Officer Michael Schulz with the Shreveport Police Department contacted Davenport at the car dealership and took him into custody without incident. Davenport was transported to the police station, where an interview was conducted after Davenport signed a form acknowledging his *Miranda* rights. During his police interview, Davenport confessed to having a sexual relationship with E.D.

On April 28, 2021, the Gingerbread House conducted an interview with E.D. E.D. stated that she worked with Davenport at the car wash at Holmes Honda. E.D. explained that while detailing cars, she and Davenport began "messing around." E.D. explained that "messing around" meant having sex and that it happened more than once. She claimed, at that time, that she had only had sex with Davenport; it is later discovered that this

2

assertion was not truthful. E.D. confirmed she was aware of Davenport's age. In her Gingerbread House interview, E.D. stated that she had consensual sex with Davenport when she was 14 and that it happened more than five times. On May 24, 2021, the State filed a bill of information charging Davenport with felony carnal knowledge of a juvenile, occurring during the period of July 1, 2020, through December 31, 2020, the time period during which E.D. confirmed the sexual relationship was ongoing.

On January 6, 2022, the trial court conducted a "Gingerbread hearing" to determine the admissibility at trial of E.D.'s forensic interview at the Gingerbread House. A free and voluntary hearing was also held to determine the admissibility of Davenport's recorded statement he had made to police admitting to the sexual relationship with 14-year-old E.D. The trial court took the matters under advisement. On January 26, 2022, the trial court ruled E.D.'s videotaped interview would be admissible at trial, and that Davenport's statement was freely and voluntarily made and would also be admissible at trial.

Jury selection began on September 26, 2022. On September 27, 2022, opening statements were presented and then witnesses were called to testify. E.D., the victim, testified at trial, and her videotaped Gingerbread interview was played for the jury. E.D.'s father, Dupree, was also called as a witness and testified that he learned about her relationship with Davenport through family members. He testified that he checked his daughter's cellphone records and noticed many calls were to the same number. He testified that he verified that it was Davenport's phone number in his daughter's phone records. He then testified that he reported Davenport to police after learning

3

of the sexual nature of the relationship. Dupree also testified that E.D. admitted to him that she had been having sex with Davenport.

Shreveport Police Detective Rodney Stewart testified that he interviewed Davenport pursuant to the investigation resulting from Dupree's call to police about his daughter. Det. Stewart advised Davenport was *Mirandized* and that Davenport signed a *Miranda* form prior to his interview with police. Det. Stewart also confirmed Davenport's statement was recorded, and it was then introduced into evidence at trial. Detective Stewart further testified that Davenport initially denied being the father of E.D.'s child, but that after being questioned for some time and being accused of lying, he was told a DNA test would resolve the issue in his favor if he was in fact being truthful. It was only then that Davenport admitted to consensual sex with E.D. Det. Stewart testified that the results of DNA testing of the child born to E.D. ultimately showed that Davenport was in fact **not** the father of E.D.'s child.[1] Evidence at trial also established that Davenport was previously required to register as a sex offender for a 2004 felony carnal knowledge of a juvenile conviction in Vermillion Parish, where the victim in that case was also a 14-year-old girl.

At the conclusion of the one-day trial, the six-person jury[2] returned a unanimous verdict of guilty as charged of felony carnal knowledge of a juvenile. Davenport filed a motion of post-verdict judgment of acquittal on

---

[1] The record shows that another man, Gregory Ward (DOB: 9-30-1976), was determined to be the father of E.D.'s child through DNA testing. The record shows that on March 8, 2022, an arrest warrant was issued for Ward for one count of felony carnal knowledge of a juvenile.

[2] The State notes that because felony carnal knowledge of a juvenile is punishable with or without labor, pursuant to La. R.S. 14:80 (D)(1), it was triable by six jurors, as permitted by La. C. Cr. P. art. 782(A).

October 10, 2022.  On October 18, 2022, the State filed a bill to enhance Davenport's sentencing range, charging him as a second felony habitual offender based on the present conviction and a prior conviction from April 26, 2019, for possession with intent to distribute synthetic marijuana, a Schedule I CDS.  On November 28, 2022, Davenport was adjudicated by the trial court as a second felony offender and sentenced to serve a term of 15 years at hard labor without benefit of probation or suspension of sentence.  A motion to reconsider sentence was timely filed, which was denied by the trial court.  This appeal by Davenport followed.

## DISCUSSION

Davenport asserts two assignments of error, arguing that there was insufficient evidence to convict him of felony carnal knowledge of a juvenile and that his habitual offender sentence of 15 years is excessive.

**Assignment of Error No. 1: The State failed to prove beyond a reasonable doubt Davenport was guilty of felony carnal knowledge of a juvenile.**

Davenport asserts that the only physical evidence in this case was the infant born to E.D., who was not his child.  Davenport argues that his statement to police came only after he had been called a liar and advised by police that admitting he had engaged in a consensual relationship with E.D. would benefit him.  Davenport argues that his statement only shows that he was trying to say what he needed to say to help himself and is not sufficient evidence to support his criminal conviction of felony carnal knowledge of a juvenile.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

5

elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004). This standard, now codified in La. C. Cr. P. art. 821, does not afford appellate courts with a means to substitute its own appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517.

The *Jackson* standard is applicable to cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983).

Appellate courts neither assess the credibility of witnesses nor reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442. Rather, the reviewing court affords great deference to the jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Gilliam*, 36,118 (La. App. 2 Cir. 8/30/02), 827 So. 2d 508, *writ denied*, 02-3090 (La. 11/14/03), 858 So. 2d 422. Where there is conflicting testimony concerning factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Allen*, 36,180 (La. App. 2 Cir. 9/18/02), 828 So. 2d 622, *writ denied*, 02-2997 (La. 6/27/03), 847 So. 2d 1255.

In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Coffey*, 54,729 (La. App. 2 Cir. 9/21/22), 349 So. 3d 647, *writ denied*, 22-01574 (La. 12/20/22), 352 So. 3d 89; *State v. Wilson*, 50,418 (La. App. 2 Cir. 4/6/16), 189 So. 3d 513, *writ denied*, 16-0793 (La. 4/13/17), 218 So. 3d 629.

In the present case, Davenport was convicted of felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80, which provides in pertinent part:

A. Felony carnal knowledge of a juvenile is committed when:

(1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.

After a thorough review of the record, we find there was sufficient evidence to support Davenport's conviction for felony carnal knowledge of a juvenile. First, during his interview with police on the date of his arrest, Davenport himself admitted to engaging in sexual intercourse with E.D. Next, his statements to police were corroborated by E.D.'s interview at the Gingerbread House two days after Davenport was arrested, and then again when she testified before the jury at his trial. The unanimous guilty verdict shows that the fact finder rejected the notion that Davenport was improperly coerced and misled by the police into admitting he had engaged in a sexual relationship with E.D. The evidence, viewed in the light most favorable to the prosecution, was sufficient for the jury to find the elements of felony

7

carnal knowledge of a juvenile beyond a reasonable doubt. Accordingly, Davenport's first assignment of error is without merit.

**Assignment of Error No. 2: The 15-year hard labor sentence imposed in this case was not tailored to the offense or the offender and was unconstitutionally harsh and excessive.**

Davenport asserts that the sentencing range for felony carnal knowledge of a juvenile is imprisonment with or without hard labor for not more than 10 years and/or a fine not to exceed $5,000. His adjudication as a second felony habitual offender increased the penalty to not less than 40 months and not more than 20 years. Davenport acknowledges that the trial court noted the provisions of La. C. Cr. P. art. 894.1 and considered the youth of the victim as an aggravating circumstance. However, Davenport argues that the elements of the case include the victim's age; therefore, it should not have been considered as an aggravating circumstance for sentencing.

Davenport also notes that his criminal history included multiple charges that were declined or misdemeanor charges. Davenport has two prior felony convictions, including felony carnal knowledge of a juvenile in 2004 and possession with intent to distribute synthetic marijuana in 2019. Despite his criminal history, Davenport asserts that the trial court did not discuss his personal history, social history, or make any effort to consider anything aside from the offense itself and his criminal history. Davenport argues that a sentence of 15 years is no more than needless imposition of pain and suffering.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The

8

trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is unconstitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than ten years, or both. La. R.S. 14:80(D)(1). As a

9

second felony habitual offender, pursuant to La. R.S. 15:529.1, Davenport's sentencing range increases to not less than 40 months and not more than 20 years.

The trial court did not abuse its discretion when sentencing Defendant to 15 years at hard labor. Davenport's sentence could be considered a mid-range sentence at 75% of the maximum possible sentence. The trial court complied with La. C. Cr. P. art. 894.1 and also considered the statement given by Davenport at the sentencing hearing. The trial court noted Davenport's criminal history, which included a prior conviction for carnal knowledge of a juvenile that required him to be registered as a sex offender. Under any considered review, the sentence imposed is not unconstitutionally excessive. Davenport, who was 39 years old at the time of the offense, again took advantage on multiple occasions of a vulnerable adolescent girl, this time only 14 years old. The 15-year sentence is not out of proportion to the seriousness of the offense. Accordingly, Davenport's second assignment of error likewise lacks merit.

**Error Patent**

We note the record does not reflect the trial court provided Davenport with notice of his obligation to register as a sex offender as a result of his conviction. Felony carnal knowledge of a juvenile is a sex offense as defined by La. R.S. 15:541, and La. R.S. 15:542 provides registration requirements for sex offenders. La. R.S. 15:543 requires the trial court to provide written notice of the registration requirements to a defendant convicted of a sex offense. The statute also requires that such notice be included on any guilty plea forms and judgment and sentence forms provided to the defendant and that an entry be made in the court minutes

confirming the written notification.  Accordingly, on remand, the trial court is to provide written notice to Davenport of the sex offender registration requirements.

## CONCLUSION

For the foregoing reasons, we affirm Davenport's conviction and habitual offender sentence.  This matter is remanded to the trial court to provide Davenport with written notice of the requirement that he register as a sex offender.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**