STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-677

STATE OF LOUISIANA

VERSUS

CALVIN EVANS ANDERSON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8143-16
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**    Calvin Evans Anderson**

**Stephen C. Dwight**
**District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellee:**
**    State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Calvin Evans Anderson, appeals his sentence for possession of alprazolam, a Schedule IV drug.

## PROCEDURAL HISTROY

In March 2016, Defendant was charged by Bill of Information with possession of a controlled dangerous substance, alprazolam, in violation of La.R.S. 40:969(C). The bill also charged Defendant with possession and intent to distribute a controlled dangerous substance, marijuana, under La.R.S. 40:966(A)(1) and with illegal possession of a firearm while in possession of a controlled dangerous substance under La.R.S. 14:95(E).

In 2017, Defendant was arraigned on those charges and entered a not guilty plea. Five years later, on October 24, 2022, Defendant withdrew his guilty plea and pled guilty to the charge of possession of alprazolam. In exchange for the plea, the remaining two charges were dismissed.[1]

Defendant was sentenced that same day. The State and defense counsel jointly recommended a sentence of two years at hard labor, suspended, with three years of supervised probation. The trial court disagreed and imposed a maximum five-year sentence, suspended, with three years of supervised probation. And as a condition of probation, the trial court ordered Defendant to serve 100 days in the parish jail. On appeal, a different panel of this court vacated Defendant's sentence as illegally excessive and remanded the case to the trial court for resentencing. *See State v. Anderson*, 23-507 (La.App. 3 Cir. 2/7/24) (unpublished opinion).

---

[1] Defendant had also amassed other charges in different docket numbers, including two counts of operating a vehicle while intoxicated and six unrelated misdemeanor charges. As part of the plea deal, Defendant admitted guilt to the OWI charges; the misdemeanor charges were dismissed.

The resentencing hearing was held on July 19, 2024. At that hearing, the trial court again imposed the five-year suspended sentence, but this time with a two-year supervised probation period and without the 100-day probation condition. In response, Defendant filed a motion to reconsider sentence, which was denied by the trial court. Defendant then filed the appeal now before us.

On appeal, Defendant asserts the following assignment of error: "**THE COURT IMPOSED A MAXIMUM SENTENCE OF FIVE YEARS IN THIS CASE. WHILE THE SENTENCE WAS SUSPENDED, A MAXIMUM SENTENCE IS UNCONSTITUTIONALLY EXCESSIVE FOR POSSESSION OF SEVEN ALPRAZOLAM TABLETS BY [DEFENDANT], A YOUNG FIRST-FELONY OFFENDER.**" (Emphasis in original).

## LAW AND ANALYSIS

At the outset, all criminal appeals are initially reviewed for errors patent on the face of the record under La.Code Crim.P. art. 920. Here, we find no patent errors.

Turning now to Defendant's assignment of error. In short, Defendant challenges his sentence as "unconstitutionally excessive." The appropriate standard of review for an excessive-sentence challenge is abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067.

Defendant advances two arguments in support of his assignment. First, Defendant argues that even though his sentence is fully suspended, it is still a maximum sentence for the offense and maximum sentences should be reserved for the worst offenders. And second, he argues that the trial court failed to properly consider the mitigating factors under La.Code Crim.P. art. 894.1.

2

Importantly, Defendant's motion to reconsider sentence included the specific ground upon which the motion was based. In relevant part, the motion alleged that Defendant "believes that the sentence imposed was excessive and he wishes to preserve his right to appellate review of the sentence subject hereof for excessiveness. . . . [Defendant] is a first felony offender, and the incarceration sentence given was the maximum sentence allowed by statute, albeit suspended."

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Although Defendant's argument regarding the excessive nature of the sentence was raised in his motion to reconsider sentence, the argument that the trial court failed to consider the mitigating factors was not. Thus, the failure-to-consider-the-mitigation-factors argument has been waived under La.Code Crim.P. art. 881.1(E).

As stated above, Defendant was convicted of possession of a controlled dangerous substance, alprazolam. The sentencing statute, La.R.S. 40:969(C), provides that a defendant "shall be imprisoned, with or without hard labor, for not less than one year nor more than five years[.]" And again, the trial court sentenced

Defendant to a five-year suspended sentence and a two-year supervised probation period.

In short, Defendant's argument of excessiveness is that he is a first felony offender who pled guilty to possessing seven tablets of alprazolam, that he cannot be the worst kind of offender, that his possession of seven tablets is not one of the most serious violations of the described offense, and that the trial court thus abused its discretion is imposing the maximum sentence. In support, Defendant cites *State v. Jones*, 398 So.2d 1049 (La.1981). In that case, the supreme court explained that "[m]aximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender." *Id.* at 1053.

By contrast, the State points out that Louisiana courts have affirmed maximum sentences when a plea deal results in reduced penalty exposure. *See, e.g., State v. Tedder*, 471 So.2d 1176, 1177–78 (La.App. 3 Cir. 1985) (citations omitted) ("It was proper for the court to consider the benefits of a reduced penalty exposure that defendant got from the plea bargain. It was also proper for the court to consider criminal activity not limited to convictions.").

Here, the trial court emphasized at the sentencing hearing that it strongly considered the State's dismissal of two felony charges. Indeed, a conviction for illegal possession of a firearm while in possession of a controlled dangerous substance under La.R.S. 14:95(E) carries a hard-labor sentence of "not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence." Additionally, the penalty range for the other dismissed felony—possession with intent to distribute marijuana, a Schedule I drug—is "not less than

five nor more than thirty years" imprisonment at hard labor under La.R.S. 40:966(B)(3).

In the end, Defendant was facing a possible sentence of five to thirty years on one dismissed charge and five to ten years on the other. Yet Defendant received a fully suspended five-year sentence and was able to avoid any time in prison. In our view, the trial court did not abuse its discretion in crafting a fully suspended, albeit maximum, sentence.

## DISPOSITION

For the above reasons, Calvin Evans Anderson's sentence is affirmed.

**AFFIRMED.**